# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

NAHTAHNIEL SAHGEEV REEL,

                Plaintiff,

-against-

HOPE A. PARKER, HOGAN LEWIS CARTER and WESTERN EXPRESS INC.,

                Defendants.

---

Filed:_____

INDEX NO.

Plaintiff designates Bronx County as the place of trial.

**S U M M O N S**

The basis of venue is the County in which the cause of action arose.

**To the above named Defendants:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

    In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Forest Hills, New York
       February 21, 2022

                     _____
                     KRUPNIK LAW GROUP, P.C.
                     Attorneys for Plaintiff
                     108-18 Queens Blvd., Suite 704
                     Forest Hills, New York 11375
                     (718) 532-4400

TO: **WESTERN EXPRESS INC.**     **HOGAN LEWIS CARTER**     **HOPE A. PARKER**
     7135 Centennial Place            200 Eatonton Highway       4301 Boyd Avenue
     Nashville, TN 37209              Gray, GA   31032            Bronx, NY 10466

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

NAHTAHNIEL SAHGEEV REEL,

               Plaintiff,

    -against-

HOPE A. PARKER, HOGAN LEWIS CARTER and WESTERN EXPRESS INC.,

               Defendants.

---

INDEX NO.

**VERIFIED COMPLAINT**

    Plaintiff, by his attorneys, KRUPNIK LAW GROUP, P.C., as and for his Verified Complaint, respectfully alleges, upon information and belief:

    1. The plaintiff, NAHTAHNIEL SAHGEEV REEL, at all times herein mentioned was and still is a resident of the County of Bronx and the State of New York.3

    2. The defendant, HOPE A. PARKER, at all times herein mentioned was and still is a resident of the County of Bronx and the State of New York.

    3. The defendant WESTERN EXPRESS INC., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business situated in the County of Bronx and the State of New York.

    4. The defendant WESTERN EXPRESS INC., at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

    5. The defendant, WESTERN EXPRESS INC., at all times herein mentioned conducted and carried on business in the County of Davidson and the State of Tennessee.

    6. The defendant, WESTERN EXPRESS INC., at all times herein mentioned was and still is a partnership doing business in the County of Bronx and the State of New York.

    7. The defendant, WESTERN EXPRESS INC., at all times herein mentioned was and still is a limited liability partnership doing business in the County of Bronx and the State of New York.

8. The defendant, WESTERN EXPRESS INC., at all times herein mentioned was and still is a limited liability corporation doing business in the County of Bronx and the State of New York.

9. The defendant, WESTERN EXPRESS INC., at all times herein mentioned was and still is a sole proprietorship doing business in the County of Bronx and the State of New York.

10. At all times herein mentioned, defendant WESTERN EXPRESS INC. transacted business within the State of New York.

11. At all times herein mentioned, defendant WESTERN EXPRESS INC. derived substantial revenue from goods used or consumed or services rendered in the State of New York.

12. At all times herein mentioned, defendant WESTERN EXPRESS INC. expected or should reasonably have expected its acts to have consequences in the State of New York.

13. At all times herein mentioned, defendant WESTERN EXPRESS INC. derived substantial revenue from interstate or international commerce.

14. On or about October 2, 2021, HOPE A. PARKER was the owner of a certain motor vehicle, bearing Los Angeles license plate number 412ACX.

15. On or about October 2, 2021, HOPE A. PARKER was the registered owner of a certain motor vehicle, bearing Los Angeles license plate number 412ACX.

16. On or about October 2, 2021, HOPE A. PARKER was the titled owner of a certain motor vehicle, bearing Los Angeles license plate number 412ACX.

17. On or about October 2, 2021, HOPE A. PARKER maintained a certain motor vehicle, bearing Los Angeles license plate number 412ACX.

18. On or about October 2, 2021, HOPE A. PARKER controlled a certain motor vehicle, bearing Los Angeles license plate number 412ACX.

19. On or about October 2, 2021, HOPE A. PARKER was the lessee of a certain motor vehicle, bearing Los Angeles license plate number 412ACX.

20. On or about October 2, 2021, HOPE A. PARKER was the lessor of a certain motor vehicle, bearing Los Angeles license plate number 412ACX.

21. On or about October 2, 2021, HOPE A. PARKER was the operator of a certain motor vehicle, bearing Los Angeles license plate number 412ACX.

22. On or about October 2, 2021, the plaintiff NAHTAHNIEL SAHGEEV REEL was a passenger in a certain motor vehicle, bearing Los Angeles license plate number 412ACX.

23. On or about October 2, 2021, defendant WESTERN EXPRESS INC. was the registered owner of a certain motor vehicle, bearing Tennessee license plate number K2897HY.

24. On or about October 2, 2021, defendant WESTERN EXPRESS INC. was the registered owner of a certain motor vehicle, bearing Tennessee license plate number K2897HY.

25. On or about October 2, 2021, defendant WESTERN EXPRESS INC. was the titled owner of a certain motor vehicle, bearing Tennessee license plate number K2897HY.

26. On or about October 2, 2021, defendant WESTERN EXPRESS INC. was the lessee of a certain motor vehicle, bearing Tennessee license plate number K2897HY.

27. On or about October 2, 2021, defendant WESTERN EXPRESS INC. was the lessor of a certain motor vehicle, bearing Tennessee license plate number K2897HY.

28. On or about October 2, 2021, defendant WESTERN EXPRESS INC. maintained a certain motor vehicle, bearing Tennessee license plate number K2897HY.

29. On or about October 2, 2021, defendant WESTERN EXPRESS INC. controlled a certain motor vehicle, bearing Tennessee license plate number K2897HY.

30. On or about October 2, 2021, defendant HOGAN LEWIS CARTER was the operator of a certain motor vehicle, bearing Tennessee license plate number K2897HY.

31. On or about October 2, 2021, the motor vehicle bearing Tennessee license plate number K2897HY was being operated by defendant HOGAN LEWIS CARTER with the express knowledge of its owner.

FILED: BRONX COUNTY CLERK 02/28/2022 03:16 PM                INDEX NO. 803110/2022E
NYSCEF DOC. NO. 1    Case 1:22-cv-03046-CM   Document 1-1   Filed 04/13/22   Page 6 of 10
                                                             RECEIVED NYSCEF: 02/28/2022

32. On or about October 2, 2021, the motor vehicle bearing Tennessee license plate number K2897HY was being operated by defendant HOGAN LEWIS CARTER with the implied knowledge of its owner.

33. On or about October 2, 2021, the motor vehicle bearing Tennessee license plate number K2897HY was being operated by defendant HOGAN LEWIS CARTER with the express consent of its owner.

34. On or about October 2, 2021, the motor vehicle bearing Tennessee license plate number K2897HY was being operated by defendant HOGAN LEWIS CARTER with the implied consent of its owner.

35. On or about October 2, 2021, the motor vehicle bearing Tennessee license plate number K2897HY was being operated by defendant HOGAN LEWIS CARTER with the express permission of its owner.

36. On or about October 2, 2021, the motor vehicle bearing Tennessee license plate number K2897HY was being operated by defendant HOGAN LEWIS CARTER with the implied permission of its owner.

37. On or about October 2, 2021, the motor vehicle bearing Tennessee license plate number K2897HY was being operated by defendant HOGAN LEWIS CARTER under the scope of employment and/or on the business of its owner.

38. On or about October 2, 2021, the motor vehicle bearing Tennessee license plate number K2897HY was being operated by defendant HOGAN LEWIS CARTER with the express knowledge, consent and/or on the business of its owner.

39. On or about October 2, 2021, the roadway of 95I S/B Bruckner Expressway at or near its intersection with E Tremont Avenue, County of Bronx, City and State of New York was a public roadway, street and/or thoroughfare.

40. On or about October 2, 2021, the vehicle operated by the defendant HOGAN LEWIS

4

5 of 9

CARTER came in contact with the vehicle in which the plaintiff NAHTAHNIEL SAHGEEV REEL was a passenger, at the aforementioned location.

41. Solely as a result of the defendants' negligence, carelessness and recklessness the plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the plaintiff was subjected to great physical pain and mental anguish.

42. The aforesaid occurrence was caused by the negligence of the defendants, without any culpable conduct on the part of the plaintiff.

43. As a result of the foregoing, the plaintiff sustained serious personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

44. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

45. Due to defendants' negligence, plaintiff is entitled to damages in a monetary sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demands judgment awarding damages in a monetary sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: Forest Hills, New York
February 21, 2022

By: Alla Krupnik
**KRUPNIK LAW GROUP, P.C.**
Attorneys for Plaintiff
108-18 Queens Blvd., Suite 704

Forest Hills, New York 11375
(718) 532-4400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

NAHTAHNIEL SAHGEEV REEL,

                Plaintiff,

     -against-

HOPE A. PARKER, HOGAN LEWIS CARTER and WESTERN EXPRESS INC.,

                Defendants.

---

INDEX NO.

**ATTORNEY'S VERIFICATION**

     Alla Krupnik, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

     I am of the firm of KRUPNIK LAW GROUP, P.C., the attorneys of record for the plaintiff.

     I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

     This verification is made by affirmant and not by plaintiff because he is not in the County of Queens, which is the County where your affirmant maintains offices.

     The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: Forest Hills, New York
       February 21, 2022

                              _____
                              ALLA KRUPNIK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX                               Index No.
=================================================================

NAHTAHNIEL SAHGEEV REEL,

                            Plaintiff,

                    -against-

HOPE A. PARKER, HOGAN LEWIS CARTER and WESTERN EXPRESS INC.,

                            Defendants.
=================================================================

**SUMMONS and VERIFIED COMPLAINT**
=================================================================

**KRUPNIK LAW GROUP, P.C.**
*Attorneys for* Plaintiff
*Office and Post Office Address and Telephone*
108-18 Queens Blvd., Suite 704
Forest Hills, New York 11375
(718) 532-4400
=================================================================

Service of a copy of the within SUMMONS and VERIFIED COMPLAINT is hereby admitted.
    Dated, _____

                    ...................................................

            Attorney(s) for
=================================================================

Please take notice
[ ] NOTICE OF ENTRY
that the within is a (certified) true copy of _____
duly entered in the office of the clerk of the within named court on

[ ]     NOTICE OF SETTLEMENT
that _____, of which the within is a true copy will be presented for settlement to the HON. _____, one of the judges of the within named court, at 851 Grand Concourse, Bronx, New York on _____
Dated: Forest Hills, New York
            February 21, 2022
                    Yours, etc.,

                    **KRUPNIK LAW GROUP, P.C.**
                    *Attorneys for* Plaintiff